(109 App. Div. 349.)

### PEOPLE'S BANK OF BUFFALO v. CUSHMAN.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

EXEMPTIONS—LIFE INSURANCE—STATUTES.

 Insurance Law, Laws 1892, p. 2015, c. 690. § 212, art. 6, relates to life or casualty insurance corporations on the co-operative or assessment plan; sections 200, 206, pp. 2004, 2011, provide for the incorporation and reincorporation of existing companies, but declare that it shall not be obligatory on any existing company to reincorporate, and that any such domestic corporation may exercise all powers as though incorporated under the act; section 201, p. 2005, provides that the article shall apply to "any" corporation, association, or society doing a business to which the article relates; and section 212, p. 2015, provides that money or benefit paid "by any such corporation, association, or society" shall be exempt from execution for any debt of the widow of the deceased member incurred before the proceeds of the certificate are paid to her. *Held*, that an assessment insurance company doing business in New York, though never having been incorporated or reincorporated under such article, was within section 212, and that the proceeds of the policy paid to the widow of a member therein were therefore exempt from execution in payment of her prior debts.

 [Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Exemptions, § 75.]

Appeal from Special Term, Erie County.

Action by the People's Bank of Buffalo against Georgie L. Cushman. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Bissell, Carey & Cooke and Leman M. Bass, for appellant.
Shire & Jellinek and Vernon Cole, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs.

The plaintiff is a judgment creditor of the defendant, Mrs. Cushman, and seeks to establish its right to a fund of $5,000 in the defendant bank to the credit of Mrs. Cushman to apply on its judgment. The defendant Cushman claims the fund is exempt from execution under the insurance laws of the state. The husband of Mrs. Cushman was insured in the Masonic Life Association of Western New York for the benefit of his wife. He died, and the life association paid the money over to the wife or for her benefit. The trial court held the fund was exempt from execution and dismissed the complaint on the merits. Whether the exemption exists is the only question involved in this appeal. The exemption is claimed under section 212 of article 6 of the insurance law of the state (chapter 690, p. 2015, Laws 1892, as amended by chapter 345, p. 261, Laws 1897), which provides:

"The money or other benefit, charity, relief or aid, paid or to be paid, provided or rendered by any such corporation, association or society, shall not be liable to be seized, taken or appropriated by any legal or equitable process, to pay any debt or liability of a member, or any debt or liability of the widow of a deceased member of such corporation designated as the beneficiary thereof, which was incurred before such money was paid to her, or such benefit, charity, relief or aid was provided or rendered."

The debt by Mrs. Cushman to the plaintiff was incurred before the fund was paid to her, so that the only question is whether the life association is included in the words of this section, "any such corporation, association or society."

Article 6 of the insurance law relates to "life or casualty insurance corporations on the co-operative or assessment plan." Section 200 provides for the incorporation of new companies for the purposes of such kind of insurance business. Section 206 provides for the reincorporation under the provisions of this title of existing companies doing such kind of insurance business, and contains this language:

"It shall not be obligatory upon any such existing corporation to reincorporate hereunder, and any such domestic corporation may continue to exercise all the rights, powers and privileges, not inconsistent with this article pursuant to its articles of association or incorporation, the same as if reincorporated under this article."

Section 201 provides what corporations are subject to this article, in effect that any corporation, association, or society which does the business of life insurance, to which the article relates, and the section states what business is covered by the title to article 6. It is nowhere intimated that incorporation or reincorporation under this article is necessary to make a company subject to the article. The nature of the business determines the question. The provisions of the article are general in their nature, applying to any corporations doing the kind of business to which the article relates, and are not limited to such as are incorporated or reincorporated under this article. We are unable, therefore, to perceive how it can be held that the life association in question, which is not incorporated or reincorporated under this article, is not included in the language in section 212, "any such corporation, association or society."

The case of Commercial Ins. Co. v. Newkirk, 16 N. Y. Supp. 177, relied upon and cited and extensively quoted from in appellant's brief, is clearly distinguishable from this one in the particular referred to by us above. The statute which Vann, J., was then considering expressly limited the exemption to corporations, associations, or societies "authorized to do business under the act." Chapter 175, p. 172, Laws 1883; chapter 116, p. 112, Laws 1884. There is no such limitation here. We think this fund is clearly exempt under section 212 of the insurance law.

We do not deem it necessary to decide whether section 238 is applicable to the life association in question, so as to exempt this fund from execution also.

Judgment affirmed, with costs. All concur.